## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

JAMIE COLLINS DOSS,
JEREMY DOSS, INDIVIDUALLY,
AND AS GUARDIANS AND NEXT
FRIEND OF ELIJAH DOSS

        Plaintiffs

v.

        No.  1-112-18

WALGREENS #3955, WALGREEN CO.,
THE WALGREEN COMPANY,
WALGREENS BOOTS ALLIANCE, INC.,
WALGREENS FICTITIOUS DEFENDANT "A",
FICTITIOUS DEFENDANT "B",
AND FICTITIOUS DEFENDANT "C"

        Defendants

## ANSWER

Comes now the defendant Walgreen Co. and for answer to the Complaint heretofore filed in the above styled cause says:

1.    This defendant is not advised as to the citizenship of the residency of the plaintiff Jamie Collins Doss as averred in paragraph 1 or her relationship with Jeremy Doss and Elijah Doss.

2.    This defendant is not advised as to the citizenship and residency of Jeremy Doss or his relationship with Jamie Doss or Elijah Doss.

3.    This defendant is not advised as to the citizenship and residency of Elijah Doss.

4.    For response to paragraph 4 of the Complaint, it is averred that there is no legal entity known as Walgreens #3955.  The operator of the store located at 10701

TAYLOR, REAMS,
'ILSON & HARRISON
ATTORNEYS AT LAW
116 EAST MAIN STREET
MORRISTOWN, TENNESSEE
37814

EXHIBIT
E

Kingston Pike, Farragut, Tennessee is the defendant Walgreen Co. The remaining allegations in paragraph 4 require no response thereto.

5.     There is no legal entity known as Walgreens or Walgreen Company. Walgreens Boots Alliance, Inc. is a corporate entity, but it is not the operator of the Walgreens Pharmacy located at 10701 Kingston Pike and as aforesaid, the legal entity that operates this business is Walgreen Co. Accordingly, it is denied that either Walgreen Company, Walgreens Boots Alliance, or Walgreens are entities that have any control and operation over the pharmacy located at 10701 Kingston Pike.

6.     This defendant is not advised as to the averments regarding fictitious defendants A through C and accordingly said allegations are placed in issue and strict proof thereof is demanded.

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.    These defendants are not sufficiently advised as to the allegation set forth in paragraph 10 of the Complaint either to admit or deny same and accordingly said allegations are placed in issue and strict proof thereof is demanded.

11.    With respect to paragraph 11 these defendants are not advised as to the allegations that the plaintiff Jamie Doss was in an addisonian crisis. It is admitted that the store manager did escort Elijah Doss to the pharmacy waiting area.

12.    The averments of paragraph 12 are inaccurate and because of the inaccuracy and lack of context they are denied.

TAYLOR, REAMS,
TILSON & HARRISON
ATTORNEYS AT LAW
116 EAST MAIN STREET
MORRISTOWN, TENNESSEE
37814

13.     The averments of paragraph 13 are denied regarding the actions of the Walgreens staff and pharmacy staff.  It is averred that when Jeremy Doss came he requested salt and a soft drink and these were provided by Walgreens staff immediately upon his request.

14.     This defendant is not advised as to the averments of paragraph 14 of the Complaint and accordingly said allegations are placed in issue and strict proof thereof is demanded.

15.     For response to paragraph 15, this defendant adopts and incorporates all averments in paragraphs 1 through 14 of its Answer.

16.     It is denied that this defendant breached any duty owing to the plaintiff Jamie Doss.

17.     The averments of paragraph 17 of the Complaint regarding the actions of this defendant are denied.  The averments in paragraph 17 pertaining to T.C.A. § 63-10-202 are the pleading of a portion of the Tennessee statute and require no response. This defendant is not advised as to the mental state of Jamie Doss and therefore cannot respond to the remaining allegations set forth in paragraph 17 of the Complaint.

18.     This defendant denies all allegations of negligence in paragraph 18, and it is not advised as to any physical or emotional injury or damages, and accordingly said allegations are placed in issue and strict proof thereof is demanded.

19.     This defendant is not advised as to the averments of paragraph 19 of the Complaint and accordingly said allegations are placed in issue and strict proof thereof is demanded.

TAYLOR, REAMS,
TILSON & HARRISON
ATTORNEYS AT LAW
116 EAST MAIN STREET
MORRISTOWN, TENNESSEE
37814

20.    For response to paragraph 20, this defendant adopts and incorporates herein by reference each and every allegation in paragraphs 1 through 19 of its Answer.

21.    With respect to paragraph 21, it is denied that this defendant breached any duty owing to Elijah Doss and it is denied that he was improperly detained.

22.    This defendant denies all allegations and negligence in paragraph 22, but it is not advised as to any emotional injury of Elijah Doss and accordingly said allegations are placed in issue and strict proof thereof is demanded.

23.    This defendant is not advised as to the averments of paragraph 23 of the Complaint and accordingly said allegations are placed in issue and strict proof thereof is demanded.

24.    For response to paragraph 24 of the Complaint, this defendant adopts and incorporates all allegations in paragraphs 1 through 23 of its Answer herein by reference.

25.    The averments of paragraph 25 are denied.

26.    The averments of paragraph 26 are inaccurate and accordingly are denied.

27.    The averments of paragraph 27 of the Complaint are denied insofar as the conduct of these defendants.  This defendant is not advised as to any injuries and damages alleged in paragraph 27 of the Complaint and accordingly said allegations are placed in issue.

28.    This defendant adopts and incorporates by reference all allegations in paragraph 1 through 27 of its Answer herein by referenced.

TAYLOR, REAMS,
TILSON & HARRISON
ATTORNEYS AT LAW
116 EAST MAIN STREET
MORRISTOWN, TENNESSEE
37814

29.    The averments of paragraph 29 are inaccurate and accordingly are denied.

30.    For response to paragraph 30, this defendant denies that it falsely imprisoned Elijah Doss. It is not advised as to any injuries and damages claimed by Elijah Doss and accordingly said allegations are placed in issue.

31.    For response to paragraph 31 of the Complaint, this defendant adopts and incorporates herein by reference all allegations in paragraph in 1 through 30 of its Answer.

32.    For response to paragraph 32 of the Complaint, it is averred that the cause of action asserted by Jeremy Doss is derivative in nature and accordingly since this defendant is guilty of no breach of duty insofar as Jamie Doss or Elijah Doss is concerned this plaintiff, Jeremy Doss, has no cause of action against this defendant.

33.    For response to paragraph 33, it is denied that any of the conduct of this defendant was negligent, reckless, or intentional and it is denied that the plaintiffs have any cause of action against this defendant.

34.    The averments of paragraph 34 of the Complaint require no response thereto.

35.    All allegations of the Complaint hereinabove not admitted, denied or explained are here and now generally denied as if specifically denied.

36.    As a defense in this cause, this defendant relies upon the provisions of T.C.A. § 29-39-102 and T.C.A § 29-39-104.

TAYLOR, REAMS,
TILSON & HARRISON
ATTORNEYS AT LAW
116 EAST MAIN STREET
MORRISTOWN, TENNESSEE
37814

37. Pursuant to *Hodges v. S. C. Toof & Company*, this defendant moves to bifurcate the trial in this cause whereby the jury shall determine the liability for any punitive damages from a hearing to determine the amount of any punitive damages.

38. This defendant reserves the right to amend its foregoing answer after investigation and discovery as provided by the Tennessee Rules of Civil Procedure and to raise such other and further defenses to which it is entitled.

Wherefore having fully answered, this defendant prays to be dismissed hence with its reasonable costs and demands a jury to try the cause.

WALGREENS #3955, WALGREEN CO.,
THE WALGREEN COMPANY,
WALGREENS BOOTS ALLIANCE, INC.,
WALGREENS FICTITIOUS DEFENDANT "A",
FICTITIOUS DEFENDANT "B",
AND FICTITIOUS DEFENDANT "C"

BY: _____
JAMES W. HARRISON (BPR # 007483)
ATTORNEY FOR DEFENDANTS
TAYLOR, REAMS, TILSON & HARRISON
116 East Main Street
Morristown, TN 37814
(423) 586-9302

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon C. Elizabeth Littell Coursor, attorney for plaintiffs, BEASLEY ALLEN, P. O. Box 4160, Montgomery, AL 36104-4160, by placing same in the United States Mail, postage prepaid, this the ____ day of May, 2018.

_____
JAMES W. HARRISON, Attorney

TAYLOR, REAMS,
TILSON & HARRISON
ATTORNEYS AT LAW
116 EAST MAIN STREET
MORRISTOWN, TENNESSEE
37814